**IN THE MATTER**
**OF**
**THE ESTATE OF CHARLES REDFIELD VOSE,**
**also known as C. R. Vose, Deceased**

Probate No. 20 - 1957

District Court of the Virgin Islands

Div. of St. Thomas and St. John
at Charlotte Amalie

February 13, 1959

MARIS, *Circuit Judge**

█ █ It is quite clear these gentlemen, Messrs. Schaffer and Young, are familiar with the decedent's affairs and are in a position to render great assistance as counsel and have no doubt been doing so. I recognized that by the awards which I made to them in substantial amounts. They are primarily counsel for the estate and are also named as trustees under the will. I don't understand that this provision of the Virgin Islands Code (15 V.I.C. § 235(a)) affects trustees. I don't know whether another does, but certainly this one does not.

*Oral opinion.

■ I have before me an application made under the law of this jurisdiction which provides that an executor must be a resident of the Territory, and if he is not or ceases to be such resident he is to be removed by the court, and his letters testamentary vacated. That represents the public policy of this jurisdiction. We may agree with it or we may not. Mr. Vose might not like it, but Mr. Vose wasn't the Legislature of the Virgin Islands. The Legislature of the Virgin Islands lays down rules such as these and it is for this Court to apply them as they are laid down without regard to how they cut or whether they conflict with some testator's desire. Obviously it would conflict with the testator's desire when he has appointed a non-resident as an executor.

■ ■ I am satisfied that the provision of the statute which states that ". . . a non-resident of the Virgin Islands is not qualified to act as an executor" refers to a person not domiciled in the Virgin Islands. It is a domiciliary that we are referring to, otherwise the statute would be meaningless. We all know that domicile may be acquired in only one way, that is, by the intention to make a place one's permanent home being coupled with the actual carrying out of that intention by coming to that place and living there as one's permanent home.

■ The intention of these gentlemen, if they could, to make the Virgin Islands their residence is clear from their testimony, except to the extent that it might interfere with their continuing to practice law in New York. But it is equally clear that they are not prepared to give up their practice at this time. Obviously one could not practice law in New York and live in the Virgin Islands. That is so obvious that it doesn't require discussion. It is clear, therefore, that neither of these gentlemen has given up his residence in New York.

I find as a fact from the testimony here, which to me

13

is clear beyond any doubt whatever, that neither Mr. Schaffer nor Mr. Young is a permanent resident and domiciliary of these Islands. Accordingly, I shall have to enter an order revoking their letters testamentary.

Such an order will be entered.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

Upon consideration of the petition of Ethel May Bishop, individually and as administratrix c.t.a. of the Estate of Cory Bishop, Deceased, for the revocation of the letters testamentary granted in the above entitled estate to Alfred M. Schaffer and Irving L. Young, of the answer of the respondents thereto and of the rule to show cause granted by this Court and after full hearing the Court makes the following:

*Findings of Fact*

1. The petitioner is prosecuting in this court in good faith a claim against the above entitled estate in Civil Action No. 138 - 1958, Division of St. Thomas and St. John, which action has been heard but not yet determined by the court.*

2. Alfred M. Schaffer is a resident of the State of New York and domiciled therein. He has not given up his residence in the State of New York nor has he taken up permanent residence in the Virgin Islands. His visits to the Virgin Islands from time to time on business of the above entitled estate or for recreation have been made with the intention of returning to his home in New York after the business or recreation was completed and have not amounted to a permanent residence in the Virgin Islands.

3. Irving L. Young is a resident of the state of New York where he resides with his wife and child and he is domiciled therein. He has not given up his residence in

*Since determined by the Court. See p. 28, this volume.

the State of New York nor has he taken up permanent residence in the Virgin Islands. His visits to the Virgin Islands from time to time on business of the above entitled estate have been made with the intention of returning to his home in New York after the business was completed and have not amounted to a permanent residence in the Virgin Islands.

In consideration whereof the court reaches the following:

*Conclusions of Law*

1. The petitioner, individually and as administratrix c.t.a. in the Estate of Cory Bishop, Deceased, is a person interested in the above entitled estate within the meaning of section 240(b) of Title 15, V.I.C.

2. Section 235(a) of Title 15, V.I.C., requires that in order to be qualified to act as an executor or administrator in the Virgin Islands a person must be a permanent resident domiciled in the Territory.

3. Alfred M. Schaffer and Irving L. Young not being permanent residents domiciled in the Territory are not entitled to act as executors in the above entitled estate and the petitioner is entitled to an order removing them as such and revoking their letters testamentary. Sylvester's Adm'r v. Willson's Adm'rs, 1905, 2 Alaska 325, 335.

It is accordingly ordered, adjudged and decreed that Alfred M. Schaffer and Irving L. Young be and they hereby are removed as executors of the Estate of Charles Redfield Vose, also known as C. R. Vose, Deceased, and the letters testamentary issued to them by this court on July 27, 1957, be and the same are hereby vacated without prejudice to an application by either of them under section 235(b) of Title 15, V.I.C., for the reissuance of letters testamentary to him upon his removing his disability by becoming a permanent resident in the Virgin Islands.